UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| YEISON L., | Case No. 26-CV-0147 (PJS/EMB) |
| Petitioner, | |
| v. | ORDER |
| PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; IMMIGRATION AND CUSTOMS ENFORCEMENT; DAREN K. MARGOLIN, Director for Executive Office for Immigration Review; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement, | |
| Respondents. | |

David L. Wilson and Gabriela Sophia Anderson, WILSON LAW GROUP, for petitioner.

David W. Fuller and Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on petitioner Yeison L.'s petition for a writ of habeas corpus.[1]  Yeison, a citizen of Guatemala, entered the United States without

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by his first name and last initials.

inspection in 2021. V. Pet. ¶¶ 13, 27–28, ECF No. 1; Campbell Decl. ¶ 5, ECF No. 6. On January 9, 2026, Immigration and Customs Enforcement ("ICE") took Yeison into custody. V. Pet. ¶ 30; Campbell Decl. ¶ 6. The next day, Yeison was transferred to a detention facility in El Paso, Texas "due to a local detention bed space shortage." Campbell Decl. ¶ 7.

Respondents take the position that Yeison is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under 8 U.S.C. § 1226(a). This position reflects both new interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who entered without inspection and have been residing in the United States. *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (BIA 2025).

Following his arrest, Yeison filed this habeas action. This is one of numerous recent cases challenging the application of § 1225(b)(2) to aliens who are living in the United States after entering without inspection. This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them. *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025).

Respondents concede that this case is not meaningfully distinguishable from *Santos M.C.* and instead argue that *Santos M.C.* was wrongly decided. Respondents' argument has some force, but the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens, such as Yeison, who entered without inspection and are already present and living in the United States.[2]

Finally, as to remedy: Respondents argue that release is not warranted, but that the Court should instead order a bond hearing pursuant to § 1226(a). The Court agrees with Judge Tostrud's analysis in *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026), however, that an arrest warrant is a prerequisite to detention under § 1226(a). *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." (emphasis added)). Yeison alleges that his arrest was warrantless, V. Pet. ¶ 38; Reply at 7–8, ECF No. 7, and respondents have not presented evidence to the contrary (or indeed said anything about a warrant). *See generally*, Govt. Resp., ECF No. 5. The Court will therefore grant Yeison's petition and order his release.

---

[2]The Court notes that respondents' arguments to the contrary are preserved for appeal. *See* ECF No. 5 at 3.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED.

2. The Court DECLARES that petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

3. Respondents are ORDERED to release petitioner from custody and return petitioner to Minnesota immediately.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 15, 2026

Patrick J. Schiltz, Chief Judge
United States District Court